## ANGELINE WELLS et al. *v.* ISAAC SMITH, Adm'r.

1. PROBATE COURT—PROCESS—SERVICE ON MINORS.—No decree will bind a minor having a guardian in this state, unless the guardian be served with process. If the guardian is a non-resident he must be cited by publication.

2. SAME—APPOINTMENT OF GUARDIAN AD LITEM.—If there be a guardian, it is only on contingency of his being interested or failing to appear, that the court can appoint one for the special occasion.

3. EFFECT OF ANSWER OF WARD.—The answer of a minor puts in issue the allega-

tions of the bill or petiton, and as against the minor the bill or petition must be proved.

4. Presumption in favor of correctness of decree—Recitals.—Where the final decree recites that "the court has maturely considered the allegations and proofs, and being satisfied," etc., this court, in the absence of record testimony to the contrary, will infer that there was sufficient evidence in the court below to uphold the decree.

5. Chancery courts—Jurisdiction—Construction of chancery court law.—The effect of sections twenty-five and twenty-seven of the act establishing chancery courts, approved May, 1870, is to transfer the administration of the probate court law to the chancery court, so that the latter may license and decree the sale of real estate for the payment of debts in the same manner and on the same terms that the probate courts were heretofore authorized to do.

6. Chancery rule of five months to take testimony.—The statutory rule requiring the cause to stand over five months after answer filed to take testimony is con fined to chancery practice.

7. Same—Case at bar.—Where the answer of the guardian *ad litem,* and the final decree were made and taken on the same day. *Held :* The chancery court, in making the decree of sale, was properly guided by the law, which, in the same case, would have controlled the probate court but for the transfer of its jurisdiction. Rev. Code, 449, art. 98.

8. Bond for title—Vendor's lien.—Intestate bought from S. the land on a credit, the vendor retaining the title, but entering into bond to make conveyance on payment of the purchase money. A large part of the purchase money is unpaid. *Held :* A lien exists for the vendor and his assigns with the same virtue as if he had conveyed the title, and taken from the vendee a mortgagee's security for the money.

9. Sale of land to complete payment where vendee dies before final payment—Construction of sec. 138, p. 458, Rev. Code.—A sale made under this section is not for the benefit of creditors at large, nor is the fund subject to *pro rata* distribution. The legislature evidently recognized the prior lien of the vendor for the purchase money.

10. Same.—The statute embraces either legal or equitable estate in the land.

11. Effect of sale—Purchaser's title.—If the land is ordered to be sold, the entire estate passes ; if the interest of the deceased, then the purchaser, is subrogated to the rights of the vendee and acquires only the equitable title.

Appeal from the probate court of Panola county. Simmons, J. :

Appellees assign the following causes of error :

1st. Emma, one of the defendants below, being a minor, was not properly in court when the decree was rendered against her.

2d. The decree was taken against said Emma at the return term, and the same term at which her answer was filed ; the cause not having been at issue five months.

3d. The decree was taken without any proof or evidence to sustain the allegations of the bill.

4th. The cause originated in the probate court, and the decree undertakes to marshal assets and distribute them among creditors according to priority of liens, etc.

5th. The court below could only order a sale of such interest as the estate of R. S. Wells, the deceased, had in said land, the proceeds of which were amenable to all debts alike *pro rata.* But the decree requires that all of said proceeds be paid to the appellee in satisfaction of his own claim to the exclusion of all other claims.

6. The order appointing guardian *ad litem*, the answer of guardian and final decree were all made on the same day.

Appellee, as administrator of Wells, filed his petition in the probate court, stating that it was necessary to sell his intestate's land to pay debts; that the largest portion of the debt was due to himself as purchase money for one tract of land. The schedule filed exhibits over $10,000 of debts, and at the foot of it is marked: "less credit $1,800." The court, without an account of this land debt, ordered a sale, and the proceeds to be applied to the payment of the land debt first, and other debts afterwards. Process was served on four of the parties in interest and decree *pro confesso* taken against them. Emma Wells, a minor, was not served. Affidavit of her non-residence, and proof of publication were made and are found in the record; also proof that a copy of the order of publication was mailed to her at the place specified in the affidavit, publication was made; but the decree recites that it appeared to the court that the clerk had mailed it.

The guardian *ad litem* was appointed, and his answer and the final decree were made and taken on the same day. Before any decrees were taken the case had been removed into the chancery court.

*Walter & Scruggs*, for appellants.

1st. We respectfully submit that the second assignment of error is well taken. Rev. Code, 553, art. 89; ib., 547, art. 45; 547, art. 46. What is the meaning of all these provisions?

It is that, whenever there is an issue, five months shall be allowed to take testimony.

What is the answer of an infant? It cannot, on account of the tender years of the defendant, admit or deny anything. When an adult defendant says that he neither admits nor denies, the complainant can admit the answer and safely go to trial. There is no issue. The infant's denial of the same kind puts every allegation of the bill in issue. The cause should then stand at issue for five months, to take testimony on both sides. The effect of an infant's answer is only to make proper parties, and afford an opportunity to take depositions to the allegations of the bill. No exceptions can be taken to an infant's answer. Bingham on Infancy, 133; Story's Eq. Pl., § 871; Legget v. Sillon, 3 Paige, 84. Proof must be made in case of infants. Hargrove v. Martin, Pleasants & Co., 6 S. & M., 61. In Reynolds v. Nelson, 41 Miss., there were no infants. The answer admitted everything.

2d. Emma Wells, the minor, was not properly before the court. There is no proof (save a recital in the decree, and that is not sufficient) that notice had been mailed to her. The proceeding was commenced in the probate court, a court of limited jurisdiction, and everything necessary to give jurisdiction, must appear affirmatively by the record. Gwin v. McCarroll, 1 S. & M., 351; Servis v. Beaty, 32 Miss., 52.

3d. The decree below is wrong in directing the land to be sold, and proceeds applied to paying the Smith debt. It may be true that, under the law (Revised Code, 458) the court might order the sale of the land to pay debts, but it could not order all the proceeds to be applied to this debt.

No account had been ordered to ascertain the amount of this debt. The schedule of debts filed shows debts, $10,283, less credit, $1,800. Where is this credit to be applied—to the Smith debt or the other debts? An account was absolutely necessary to determine this matter.

*White & Chalmers,* for appellee.

Seven grounds of errors are assigned, for which a reversal is asked.

1st. That Emma Wells, the minor, was not properly cited. It appears affirmatively of record, that all proper steps were taken.

2d. That the decree was taken against the minor at the same term at which the answer of guardian *ad litem* was filed, and without allowing five months for taking proof.

The practice is universal and unbroken, not to wait five months in such cases. Should this court now decide that this assignment is well taken, it will shake the validity of half the land sales made in the state in the last five years, and so far as we are informed, for the last twenty-five years.

The answer of a guardian *ad litem* is not such answer as is contemplated in the article providing that five months shall be allowed for taking proof after the coming in of answer. It denies nothing; it makes no issue; it gives no notice of what is relied upon by way of defense. It is in fact a mere *pro forma* paper filed by order of the court, in order that the record may be made complete.

In the case of Reynolds v. Nelson, this court holds the following language : " But it is a mistake to suppose that a defendant is entitled in all cases to five months, after filing his answer, to take testimony. On the contrary, the complainant may, in all cases, set the cause down for hearing immediately after the answer comes in ; the only effect being that he thereby admits it to be true." Rev. Code, 547, art. 46.

" That course might have been safely taken in this case, for the answer does not deny a single allegation of the bill, but only alleges, that the defendant has no knowledge of any of the facts stated in the bill, and demands strict proof." Reynolds v. Nelson, 41 Miss., 88.

Now, we respectfully submit that the answer of a guardian *ad litem* comes literally and strictly within the rule here laid down. "It denies nothing," but only calls for proof. When this is the case, the court say the cause may be set down for hearing immediately, and proof made. This is exactly what was done in this case.

This requirement of waiting five months after answer is

filed, does not apply to the probate court, but is only found in the chancery act

3d. No proof is required save the sworn statement and schedules of debts and assets, both of which are given. Rev. Code, 445–6, art. 88.

Besides, the decree recites that the cause came on to be heard upon bill, answer *pro confesso*, and " proofs." In the absence of any evidence to the contrary, this recital is conclusive, and should this court be of opinion that any further proof was required than the sworn petition and schedules, it must conclude that oral proof was made in the court below— the presumption always being as to everything save the jurisdictional facts, that everything was done rightfully.

The 5th and 6th assignments are in substance, the same.

The point made by them, is that the probate court had no jurisdiction to direct the administrator to appropriate the proceeds arising from sale of the lands, first, to the extinguishment of the vendors' lien, and afterwards to the debts generally. We think that this point is fully met by article 138, Revised Code, 458.

By this article, the probate court is vested with jurisdiction to authorize the administrator, first, to pay out the land by sale of personalty; or second, to pay off the debt, by ordering the sale of the land; or third, to sell out only the interest of deceased in land.

By its terms the land was ordered to be sold, and the sale reported to the court. If, therefore, the money was improperly ordered to be applied to the lien, it did not affect the validity of the sale, or the title under it, nor could any possible harm accrue to the heirs or creditors. The administrator was himself the vendor, whose lien was ordered to be paid off. The funds, therefore, would all remain in his hands, and still be subject to the orders of the court when the report of sale came on for confirmation, or upon final settlement of the estate. The decree of sale, therefore, should be allowed to stand, even though the direction of the fund be changed.

The seventh and last assignment of error is, that the order for guardian *ad litem*—the answer of said guardian and the final decree were all taken on same day.

This court has decided that it is error not to take *pro confesso* before a case is set down for hearing, and probably the same rule would apply to order for, and answer of, guardian *ad litem*. 41 Miss., 516. But it does not say that it must be done on a previous day; it only decides that it must be done before. In this case it was done before the final decree, as shown by the recital of the decree itself.

SIMRALL, J.:

Application was made to the probate court of Panola county, by Isaac Smith, administrator of the goods, etc., of R. S. Wells, deceased, to sell land, on the suggestion of the insolvency of the estate, and for the appropriation of the proceeds to his debt. The cause is brought to this court to review the decree of the probate court, directing a sale.

Several errors are assigned: 1st. That Emma Wells, one of the children and heirs of the intestate, being a minor, was not properly in court. Affidavit was made that the minor, was not properly in court. Affidavit was made that the minor was absent from the state, at Pickensville, Ala., and thereupon, by order of the court, citation was directed to be sent to her by mail, by the clerk, and publication made. It was averred that she had no guardian. At the proper time, a guardian, *ad litem*, was appointed, who put in the formal answer for his ward.

We had occasion in John A. Winston & Co. et al. v. Chas. McLendon, adm'r., etc., MS. opinion, to examine the several provisions of statute law, as to the mode of service on minors, in proceedings in the probate court; that was a proceeding to sell land. Rev. Code, 449, art. 98, requires a service on the guardian. If no guardian has been appointed, the court shall appoint a guardian *ad litem*. Art. 32, page 431, general in its terms, declares " no decree shall bind or conclude a minor having a guardian resident in this state, unless the

guardian shall be served with process. If the guardian be a non-resident, he must be cited by publication," etc.

If there be a guardian, it is only on the contingency of his being interested or failing to appear, that the court can appoint one for the special occasion. The tenor of the statute is, that in probate proceedings, the minor must be represented and defended by his regular guardian, and only in the special cases therein mentioned (if there is no guardian regularly qualified), has the court power to appoint, *pro hoc vice.* In this case the minor, Emma, had no guardian, and the very case contemplated by the statute, existed for the appointment of a special guardian. We think, therefore, the first error assigned is not well taken.

The second error assigned is, that the final decree was made at the same term at which the answer for the minor was filed, and that it was improper to go to final hearing until after the expiration of five months.

It is well settled in the adjudications of this court, that the answer for the minor puts in issue the allegations of the bill or petition, and as against the minor the bill or petition must be proved. The minor is incapable of making admissions or waiving her rights. There cannot be a *pro confesso* against the infant, as held in the case of Winston & Co. v. McLendon, adm'r. The infant cannot be deprived of her estate in lands except by showing a case within the statute authorizing a sale. It was necessary, therefore, as a condition precedent to a decree against Emma, the infant, that there should have been proof made of the insolvency of the personal estate. The final decree recites that the court had maturely considered the allegations and proofs, and being satisfied, etc. In accordance with the precedents, we are obliged to infer that there was sufficient evidence before the court to uphold the decree. The litigant objecting to the sufficiency of evidence must employ the proper means to bring that question before this court. In the absence of record testimony to the contrary, the presumption is in favor of the correctness of the decree.

The 25th section of the act establishing the chancery courts, approved May 4, 1870, Acts, p. 54, directs the transfer of all causes and proceedings to the chancery courts of the proper county. The 27th section continues in force all the laws relating in any manner to the chancery and probate courts not repealed by the act. The effect of these two sections is to transfer the administration of the probate court law to the chancery court, so that the latter court may license and decree the sale of real estate for the payment of debts in the same manner and on the same terms that the probate courts were heretofore authorized to do.

The statutes do not require, after the answer of the adult heirs, or of the guardian *ad litem* for an infant, that the cause shall stand over for five months to get in testimony. That statutory rule was confined to the chancery court. The last clause of art. 98 of Revised Code, 449, directs the mode of procedure, to-wit : " At the time specified in the summons or publication, or at such other time as may be appointed, the court shall proceed to hear the allegations and examine the proofs," etc., etc., "and make decree," etc.

The chancery court, in making this decree of sale, was properly guided by the law, which, in the same case, would have controlled the probate court but for the transfer of its jurisdiction, and might well have proceeded to hear the allegations and proofs of the respective parties at the time specified in the citation or publications, or at some other time appointed.

The fourth assignment objects to so much of the decree as appoints the disposition of the proceeds of the sale.

The fifth assignment denies the power to do more than sell the interest of the intestate in the land.

The allegations of the petition are, that the intestate bought from Smith, the land sought to be sold on a credit; the vendee retaining the title, but entering into bond to make conveyance, on payment of the purchase money, and that a large part of the purchase money is unpaid, for which there is in favor of Smith, a lien on the land. It was said in

the case of J. D. Pitts et al. v. Peter A. Parker et al., decided at this term, quoting the former cases, " that in these circumstances the lien existed for the vendor and his assigns, with the same virtue as if he had conveyed the title and taken from the vendee, a mortgage as security for the money."

This proceeding seems to have been conducted in accordance with sec. 138, Rev. Code, 458, which permits a sale of personal property, to complete the payment for the land when the vendee dies before final payment, and the court " may order the sale of such land or the interest of the deceased therein, on such terms and conditions as it may think proper, all persons interested being first summoned." The entire section looks to the application of the proceeds of the sale, to the vendor of the land ; the language is, the sale is to be made, " to make payment therefor (the land). To such a suit, the vendor of the land is an " interested party " and proper to be before the court. Smith, the administrator, is the vendor, and creditor of the intestate, and he makes the application.

A sale made under this section, is not for the benefit of creditors at large, nor is the fund subject to *pro rata* distribution. The legislature evidently recognized the " prior lien " of the vendor for the purchase money. If the deed has been executed, the lien still exists; if retained, it exists.

It is further manifest that the statute embraces the idea of either a legal or equitable estate, and interest in the decedent. This is implied in the language, " the court may order a sale of such land, or the interest of the deceased therein. If the land is ordered to be sold, the entire estate passes. If the interest of the deceased only is sold, then the vendee is subrogated to the place of the vendor, and becomes purchaser of the equitable title.

The foregoing views cover all the points made by the assignment of errors. Let the decree be affirmed.