## M. A. TEMPLE et al vs. W. C. HAMMOCK.

1. INSTRUCTIONS TO THE JURY: *Objection thereto in the court below.*
   Where instructions are given to the jury in the court below, and no objection made in that court, either when acted upon or in the motion for a new trial, they will not be noticed by this court when complained of here for the first time.

2. REAL ESTATE: *Sale by guardian. Code of 1857, art. 151, p. 463.*
   A guardian may sell the real estate of his ward under the provisions of the Code of 1857, art. 151, p. 463, but it is essential to the validity of such sale that citation shall be served on three of the nearest relatives of the ward, residing in this state, if there be such, and the record must show that fact; otherwise, the sale will be void.

3. SAME: *Division of lands on application of an executor who is not a devisee.*
   The statute authorizes the court to decree a division of lands among the heirs or

devisees of a deceased person, upon their application, but not upon the appli-
cation of one of the executors of a will who is not a devisee; and a decree
authorizing a division upon the application of such executor is void.

ERROR to the Circuit Court of *Franklin* County.

Hon. J. M. SMILEY, Judge.

All the material facts in this case necessary to a full under-
standing of the questions decided are found in the opinion of
the court, and also the substance of the assignment of errors.

*H. Cassidy, Jr.*, for plaintiffs in error:

The plaintiffs were heirs not only of Bartlett Ford but
also of their mother, both of whom were dead, and they were
clearly entitled to their mother's part of the land. As to this
there was virtually no defense, and as to this part the verdict
was manifestly wrong, and it should be reversed on this
ground alone. The sale on the application of the guardian
for division among the wards was void: 1st. Because there
was no sufficient service on the wards; 2d, no day was fixed
for hearing the petition; 3d, the three nearest relatives were
not summoned: 4th, the report of sale was not made to the
next term of the court; and, 5th, the sale was not made at the
court house, but at the residence of the guardian. See Code,
1857, p. 463, 464; 45 Miss., 247; Ready *v.* Warren, Opinion
Book "F," p. 78. Seal had no power to convey the land after
he had been discharged as guardian. See Code, 1857, art. 26,
p. 311. The decree of sale passed no title. Code of 1857, art.
19, p. 309. The guardian's deed to Jones was the foundation
of the title of defendants. As to the 4th assignment of error,
while proof of the attestation need not be made by all the
subscribing witnesses, yet the fact that it was attested by
three witnesses must appear before the estate can pass.
Chase *v.* Lincoln, 3 Mass.; Leans *v.* Dillingham, 12 ib.,
358; Evans *v.* Evans, 10 S. & M., 402; Reagland *v.* Green,
14 ib., 194.

The proceedings for division were void. Code, 1857, art.
117, p. 454; Washington *v.* McCaughen, 34 Miss., 304.

Under the Code of 1871 the plaintiffs were entitled to

recover, although they may have had a separate interest.  See
§ 1552, 4 S. & M., 73 ; 31 Miss., 570 ; 12 Johns., 185.

*Frank Johnston*, on the same side.

*J. F. Sessions*, for defendant in error :

As to the claim to the land as heir of Mrs. Seal, the reply
is, it is not shown that she died intestate.  Mrs. Seal was a
party to the petition to sell the land ; she and those in privity
with her would be estopped from asserting any claim through
her against the purchaser and those claiming under him.  As
to the sale of the land by order of the probate court, the law
requires no service on the wards.  Code of 1857, arts. 151,
153, pp. 463, 464.

It is objected that the three nearest relatives of the wards
were not cited.  It appears that the petition prayed for the
citations of the three nearest relatives—one in Franklin county
and two in Amite county.  As to the one in Franklin the
return is only defective, not void, and cannot be attacked
collaterally.  Harrington *v.* Wofford, 6 S. & M., 492.  The
manner of service of the two in Amite county does not appear
of record, but the decree recites that all parties interested
had been "duly cited."  The recital is sufficient to show ser-
vice.  The decree imports absolute verity, and is conclusive,
in all collateral proceedings, of everything having been done
which the law requires to be done preceding such order or
decree.

It is next objected that the report of sale was not made to
the next term of the court.  The answer is that the law does
not require it.

The next objection to the sale is that it was not made at the
court house.  No place of sale was designated in the decree of
sale.  It was under the Code of 1857.  See Bridges *v.* Kock,
45 Miss., and Reddy *v.* Warren, Opinion Book "F," p. 78.
The reading in evidence of the deed of Paschal, guardian, to the
purchaser was objected to upon the ground that there was no
order of the court directing him to make the deed.  That was
not necessary ; he made the sale and made the *deed*, as he was

bound to do. It is insisted that the deed was made after the guardian had stated his final account. Such objection was not raised on the trial. See cases cited in George's Digest, pp. 375, 376, §§ 68–87. The sale had been confirmed, and this divested the title of appellants. The record of the probate of the will was properly admitted in evidence.

The record of the division was admitted. Was the division void because on application of the executor? It was one of the duties of the executors in the provisions of the will.

CAMPBELL, J., delivered the opinion of the court.

Plaintiffs claimed the land sued for as heirs of Bartlett Ford, deceased. Defendant claimed from the same source, not as heir, but as purchaser of the land after the death of Ford. Plaintiffs are children of said Ford, who died in 1858, leaving his last will, by which he directed that his wife, Rebecca Ann Ford, should keep all his estate in her possession during her widowhood, or until his oldest child should attain to the age of twenty-one years, and on the occurrence of either of these events the estate was to be equally divided between his said widow and his children, and the widow was designated as guardian of such of said children as were minors. Rebecca Ann Ford and Newton L. Huff were named executors of the will, which was probated in Franklin county, in the court of probate, in November, 1858, and letters testamentary granted to said executors, who qualified as such. Afterwards Rebecca Ann Ford married Paschal Seal, and she and Seal became guardians of Ford's children. In November, A. D. 1859, Newton L. Huff, one of the executors aforesaid, petitioned said court of probate for a division of the land of his testator among the devisees, the widow of said testator having married. A decree appointing commissioners to make division was made at December term, 1859, and report of their division was made to the court and confirmed by it at its February term, 1860. In December, 1859, Paschal Seal and Rebecca Ann Seal, guardians as aforesaid, petitioned said probate

·court for an order to sell the land of their said wards, on the ground that it would be for the interest of their said wards ·that said real estate should be sold. The petition prayed pro- ·cess for said minors, and for John Cain and William Cain, of Amite county, and Mary Jones, of Franklin county, the nearest relatives of said minors residing in this state, to appear at the January term, A. D. 1860, of said court, to show cause against the sale of said real estate. Citation for the wards and Mary Jones was issued to Franklin county, and returned "executed, December 27, 1859." The record does not show any citation to Amite county for John Cain and William Cain. A guardian *ad litem* for the infants was ap- pointed, and at the March term, A. D. 1860, of said court a decree was made for the sale of said land of said wards. The ·decree of sale has this recital in it, viz. : "and it appearing to the satisfaction of the court that all persons in any manner interested in the lands belonging to said wards were duly cited to be and appear before this court at the present term," etc.· The sale was made by Paschal Seal, guardian, on the 12th of ·October, A. D. 1860, and reported to the court and con- firmed by it in December, A. D. 1860. At this sale the land was purchased by persons under whom defendant claims, as it is said by counsel on both sides, though the record does not show any intelligible connection between defendant and the purchasers at this sale. Paschal Seal, guardian as aforesaid, made a deed, conveying part of the land sold to ·James M. Jones, the 1st of July, A. D. 1861. Counsel for plaintiffs in error claims that this deed was made after Seal had ceased to be guardian, but the record does not contain any ·evidence of this. Rebecca Ann Ford, after her marriage with Seal, had one child, and died before this suit was brought, leaving her said child surviving her, but it was left uncertain whether that child was living or not when the suit was tried.

The will of Bartlett Ford was proved by two witnesses only, but appears to have been attested by three. The two who proved it did not state in their testimony distinctly that the

will was attested by the third witness in their presence and in the presence of the testator, but a fair interpretation of the language employed by the two witnesses in their probate of the will may include the idea of the attestation of the will by the third witness.

With his plea of not guilty, defendant gave notice that on the trial he would object to the misjoinder of plaintiffs, as having no such interest in common in the *locus in quo* as entitled them to maintain a joint action. This notice was under Rev. Code, 1871, § 671. The verdict on trial was for defendant, and plaintiffs prosecuted this writ of error, and assign as error in the action of the court below the overruling the motion for new trial; the admission as evidence of the record of proceedings in the probate court for the sale of the land of the plaintiffs; the admission of the deed made by the guardian of plaintiffs to Jones; the admission of the probate of the will of Bartlett Ford; the admission of the record of the division of the land between the widow and children of Bartlett Ford, deceased; and the giving of instructions asked by defendant. The last-mentioned assignment may be disposed of at once by remarking that the instructions were not objected to in the court below, either when acted on or in the motion for new trial, and they cannot be complained of for the first time here. Therefore we will not notice them. The plaintiffs were entitled to recover such interest in the land sued for as devolved on them by descent from their mother. She was a devisee of Bartlett Ford, and on her death, it not being made to appear that she left a will, her interest was cast by descent on her children. If her child by Paschal Seal was still alive, plaintiffs were her heirs jointly with it. If the mother of plaintiffs made a will, or left her husband, Paschal Seal, surviving her, and tenant by courtesy, as suggested by counsel for defendant may have been the case, it was for defendant to show this, and thus defeat the claim of plaintiffs as heirs of Mrs. Seal. We do not think there is anything in the suggestion of counsel that plaintiffs are estopped to claim the

estate of their mother in this land because she was a party to the petition to sell the land of her wards, the plaintiffs. It was error to refuse a new trial.

The record of the proceedings for a sale of the land of plaintiffs on petition of their guardians should have been excluded from the evidence. The proceeding was under art. 151, p. 463, Rev. Code of 1857, and the decree of sale was void for want of service of process on the three nearest relatives of the minors in this state. The court ordered citation to Amite county for John Cain and William Cain, and to Franklin county for Mary Jones. The citation for Mary Jones was executed and returned, but there is no evidence in the record that the citation to Amite county, for John Cain and William Cain, was issued and executed and returned, and there is no recital in any decree of the court which can be fairly interpreted to include the assertion that this citation was duly executed. The recital copied above from the decree of sale, "that all persons in any manner interested in the lands belonging to said wards were duly cited," does not suggest the idea that John Cain and William Cain were cited, for it cannot be pretended that they were in any manner interested in the lands belonging to said wards. The object of the statute requiring three of the nearest relatives of the minor to be summoned upon an application to sell his land, on the allegation that it is for the interest of the ward to sell it, is to apprise those who are supposed to be concerned for his welfare of the proposition to sell his real or personal estate, that they may guard and protect the interest of their kinsman by appearing and objecting to the sale, and showing reasons against it. The service of process on the three nearest relatives of the minor, if there be any in the state, is a condition precedent to the exercise by the court of the power to order a sale of the property of the ward, on the application of his guardian to sell because it is for the interest of the ward. As the decree of sale was void on this ground it is unnecessary to consider the other special grounds of objection to it. Nor

is it necessary to speak of the deed made by Seal, as guardian, for the decree of sale being void, all based on it is void. The probate of the will was properly admitted in evidence. The testimony of the two witnesses who proved it is probably broad enough to include proof of the attestation and subscription of the will by the third witness, and if this be not true, the decree of the probate court admitting the will to probate on the testimony before it cannot be questioned collaterally, but must be regarded as conclusive when thus brought into question. The record of the division of the land of Bartlett Ford, deceased, by decree of the probate court, on application of N. L. Huff, one of the executors of the will of Ford, and not a devisee, should have been rejected as evidence. The probate court could have ordered a division on application of any devisee, but its action in that direction on the application of one not a devisee was void. Mr. Huff, one of the executors of the will of Ford, had no more right to initiate a proceeding for division of the land devised by the will than any officious intermeddler had, and the court should not have noticed his application.

The judgment is reversed, the verdict set aside, and the cause remanded to be proceeded with in accordance with this opinion.