BETTIE ERWIN *v.* ANDERSON CARSON, ADMINISTRATOR.

1. SERVICE OF PROCESS ON INFANT. *Parent or guardian. Appointment of guardian ad litem.*
   Service on the father, mother or guardian of an infant, if he have any in this State, is, under Code 1871, § 704 (Code 1857, art. 64, p. 489), part of the required service on the infant; and, until the process is so executed, or it is made to appear that the infant has no parent or guardian in the State, the court cannot legally appoint a guardian *ad litem.*

2. SAME. *Sheriff's return. Ingersoll* v. *Ingersoll overruled.*
   The return of the sheriff should show either that he has served the process on the father, mother or guardian of the infant, or that there is none such in his *county,* — not within the *State,* as intimated in *Ingersoll* v. *Ingersoll,* 42 Miss. 155.

3. SAME.  *What record must show.*

   Before the court can acquire jurisdiction over an infant, the *record* must show service of process on his father, mother or guardian, or that he has none in this State.

4. SAME.  *Practice.  Decree appointing guardian ad litem.*

   If the sheriff's return discloses that the infant has no father, mother or guardian in his county, it should be shown to the court (if such be the fact) that the infant has none in any other county of the State; and this fact should be recited in the decree for the appointment of a guardian *ad litem.*

APPEAL from the Chancery Court of Washington County. Hon. J. S. YERGER, Chancellor.

This bill in chancery, to foreclose a mortgage, filed by Anderson Carson, administrator of the mortgagee, against certain adult defendants, and Bettie Erwin, *a minor*, heirs-at-law of the mortgagor, did not state whether the infant defendant had a father, mother or guardian. On the summons, in which Bettie Erwin is simply named as one of the defendants, and not described as an infant, the sheriff made this return: " Executed by reading the within subpœna personally to the within-named Junius L. Johnson," &c. (naming the adults), " and Bettie Erwin, and by delivering a true copy of the same to each of them, this 10th October, 1866." A guardian *ad litem* was appointed, who put in a formal answer; but the decree appointing him did not state whether there was a father, mother or guardian of the infant within this State.

From a decree of foreclosure, rendered in 1866, against all the defendants, Bettie Erwin, on attaining majority, appealed.

*Frank Johnston*, for the appellant.

The return on the process against the minor failing to show service on the father, mother or guardian, or an excuse for not serving on them, is, under Code 1857, art. 64, p. 489 (Code 1871, § 704), clearly insufficient. *Johnson* v. *McCabe*, 42 Miss. 258; *Ingersoll* v. *Ingersoll*, 42 Miss. 162; *Mullins* v. *Sparks*, 43 Miss. 131. This rule is in harmony with the general current of decisions in regard to the execution of process. For illustration: a return of " executed " is bad, because the mode must be stated; and service by leaving a copy at the dwelling of the defendant is bad, unless the return also shows

that the defendant could not be found. The statute has been correctly construed. But if not, such construction has been the law for sixteen years, has become a matter of practice, and, in many instances, has crystallized itself into our jurisprudence as a rule of property.

*W. L. Nugent*, for the appellee.

The decision in the case of *Ingersoll* v. *Ingersoll*, 42 Miss. 162, should be reviewed. Under Code 1857, art. 64, p. 489 (Code 1871, § 704), the officer is not required to return that the infant has no parent or guardian. The doctrine of presumptions certainly operates in favor of his action in the premises; and, in the absence of proof to the contrary, this court should presume that he has done all that it was necessary for him to do in the service of the process. Assuming that in fact the infant had no parent or guardian, the service is substantially correct. The mere indorsement of the sheriff on a summons cannot give the court jurisdiction, or take it away. The *fact* that there is no parent or guardian in the State is what gives the jurisdiction to appoint the guardian *ad litem*. In the order appointing one, in this case, it is recited that process had been properly executed as to the minor. *Prima facie*, that is sufficient.

CAMPBELL, J., delivered the opinion of the court.

It is conceded that the return of the sheriff on the summons for the infant defendant does not show that it was served on the father, mother or guardian of such infant, or that she had none in this State, and that, according to *Ingersoll* v. *Ingersoll*, 42 Miss. 155, the Chancery Court could not, upon such a return, appoint a guardian *ad litem*, except on the application of the infant; but the rule announced in the case mentioned has been criticised by counsel for the appellee as unsound, and we are asked to decline to follow it, and to overrule it.

Under the statute regulating the manner in which service of process upon an infant shall be made, Code 1857, art. 64, p. 489 (Code 1871, § 704), it is necessary for *the record* to show service on the father, mother or guardian of such infant, or that he or she has none in this State, before the court can acquire jurisdiction over the infant. All that the return of the

sheriff ordinarily can show is that the infant has no father, mother or guardian in his county. The sheriff is not presumed to know, and is not required to state, any fact in his return pertaining to the territory of the State beyond the limits of his own county. As the process for an infant is to be served on the father, mother or guardian, " if he have any in this State," and as such may be in his county, the sheriff should return that he has executed the process on the father, mother or guardian, or that there is none such in his county; and upon this return, if it shows no father, mother, or guardian in that county, it may and should be shown to the court that the infant has no father, mother or guardian in any other county of this State; and this fact should be recited in the decree for the appointment of a guardian *ad litem*. Until the process is executed on the father, mother or guardian, or it is made to appear that the infant has none in this State, the court cannot legally appoint a guardian *ad litem* for such infant; for service on the father, mother or guardian, if any in this State, is part of the required service on the infant. It is not that the *return* of the sheriff must show that the infant has no father, mother or guardian in this State; and in saying this the language used in the case cited is inaccurate; but the *record* must show the fact, in order that it may be seen that the court had acquired jurisdiction of the person of the infant by legal service of the process. In this case it *nowhere in the record* appears that the father, mother or guardian of the infant was served with process, or that there was none such in this State.

*Decree reversed, decree appointing a guardian ad litem set aside, and cause remanded.*