HARRY YERGER AND WIFE v. S. W. FERGUSON, ADMINISTRATOR.

1. PROBATE COURT. *Practice. Final decree.*
A final decree in the Probate Court, on a petition for the sale of lands by an executor, is not erroneous because rendered on the return-day of the citations, and the same day that a guardian *ad litem* is appointed and files his answer.

2. SAME. *Practice. Issuance of process.*
Under the statutes of 1867, when a petition to sell lands belonging to the estate of a decedent was filed in the Probate Court, the clerk could issue process thereon without any previous order of the court.

3. SAME. *Decree for sale of land. What to contain. Power of executor. Case in judgment.*
At the November term, 1869, of the Probate Court, an executor was ordered to sell the lands belonging to the estate of his testator, and to report the sale to the April term, 1870. He failed to sell the lands and report as directed. But at the November term, 1870, of the Chancery Court (the case having been in the meantime transferred to that court) he filed an *ex-parte* petition, and obtained a decree directing him to proceed to sell the lands as required in the original decree, and to report to the February term, 1871. He then sold the

lands and made his report, which was confirmed. *Held*, that, under the Code of 1857, the Probate Court could not limit the time when the sale should be made or reported; and that the executor had the power to sell under the original decree, although the time prescribed therein had elapsed, and his power was not affected by the unnecessary proceeding in the Chancery Court.

4. CHANCERY. *Practice. Proof of publication.*
It is not necessary to the validity of a decree confirming a sale of lands of an insolvent estate that proof of publication of the notices of sale should be made. And if the decree recites that it appeared to the court that due notice had been given according to law and the order of sale, and there is nothing in the record to contradict this recital, it will be sustained against any objection for want of proof of publication.

5. CHANCERY. *Sale of lands. When bond given. Case in judgment.*
A decree for the sale of the lands of a decedent directed that the executor should give a prescribed bond before the sale. A bond, drawn with reference to a sale not made, but about to be made, was filed on the day of sale. And the decree confirming the sale recited that the directions of the decree of sale and the law had in all things been complied with. *Held*, that this is sufficient to show that the required bond was duly given, although there was no express order approving it.

6. PROBATE COURT. *Sale of lands. Time fixed by the court.*
Where the Probate Court had jurisdiction to order a sale of the lands belonging to the estate of a decedent, it had also the power to prescribe the time when the sale should take place, and the executor or administrator was bound to observe all the requirements of the decree not inconsistent with law. *Per* CHALMERS, J., dissenting.

APPEAL from the Chancery Court of Washington County. Hon. E. P. HARMAN, Chancellor.

In 1861, Harvey Miller died, leaving a considerable real and personal estate, and Edward P. Johnson qualified, in the Probate Court, as executor of his last will and testament. On July 26, 1869, the executor filed a petition in the Probate Court, to have the estate of the testator declared insolvent, and to have the lands sold to pay the debts. Upon this petition, citations to the heirs of Harvey Miller, the deceased, were issued by the clerk of the court, of his own motion, and without any order of the court. The citations were duly served, and on the return-day thereof, November 23, 1869, the court appointed a guardian *ad litem* for the minor heirs, and, his answer having been filed at once, a decree was rendered upon

the same day, declaring the estate insolvent, and directing the executor to sell the lands, and report his proceedings in reference thereto to the April term, 1870, of the court. The lands were not sold as directed in this decree, and on November 21, 1870, the executor filed an *ex-parte* petition in the Chancery Court asking that a like decree be granted for the sale of said lands. Upon this latter petition a decree was made directing the executor to sell the lands as required by the original decree, and to report his proceedings of sale to the next, or February, 1871, term of court. The lands were sold, and the report of sale was confirmed February 22, 1871. Johnson, the executor, having died before the taking of this appeal, S. W. Ferguson was appointed administrator *de bonis non, cum testamento annexo*, of the estate of Harvey Miller, deceased. Sallie Yerger, one of the heirs of Miller, and her husband, Harry Yerger, appealed from the several decrees authorizing the sale of the lands and confirming the report thereof.

The errors assigned are :

1. That the court proceeded on the return-day of the citations, and the day when the answer of the guardian *ad litem* for the minor heirs was filed, to render a final decree.

2. That citations on the petition filed by the executor were issued without any order of the court.

3. That the Chancery Court, on an *ex-parte* petition of the executor, revived the original decree for the sale of the land.

4. That the court confirmed the sale, when it appeared that notice of sale had not been given, as required by the statute.

5. That it does not affirmatively appear in the record that the bond of the executor was filed before the sale, or was properly given.

*Johnston & Johnston*, for the appellants.

1. In support of the first assignment of error we cite *Ingersoll* v. *Ingersoll*, 42 Miss. 155 ; *Johnson* v. *McCabee*, 42 Miss. 255 ; *Wells* v. *Smith*, 44 Miss. 397.

2. The statute expressly provides that, in applications for the sale of realty, in insolvency proceedings, "the court shall

order a summons to issue " to the heirs, etc.    Rev. Code 1857, p. 448, art. 28.

3. The original decree of sale was rendered void and of no effect, by the laches of the executor in failing to sell and report within the time designated in the decree.    And the subsequent decree of sale was made *ex parte*, on the mere petition of the executor, and without any notice to the heirs at law.    This was a new application, and required notice to the heirs.

4. The report of the sale contains no proof of the posting ot notice at any place, except at the door of the court-house. The statute requires, and the decree of sale directs, that the notice should be posted at three public places in the county where the lands were situated.    Rev. Code 1857, arts. 90, 99.

5. It does not appear that the bond which the executor was required to give before the sale was actually filed before the sale, although it appears to have been filed on the day of sale ; and, as nothing can be taken by intendment, there is no evidence that the bond was seasonably given.

*Frank Johnston*, of counsel for the appellants, argued the case orally.

*Harris & George*, for the appellee.

1. In answer to the first assignment of error, we cite *Ames* v. *Saxon*, 44 Miss. 304.

2. The citation is a process required by the law to be issued, and the clerk's power to issue such process in vacation is undoubted.    Code 1857, p. 425, art. 8.

3. The provision in the first decree, requiring the executor to sell and make report by a day named, is void.    It was in the power of the executor to select the time of the sale.    The court had no jurisdiction to fix any limit to the time.    The court could not, after ordering the sale and prescribing the terms thereof, make any provision which would deprive the executor of the power to make it.    The decree upon this point may be regarded as a mere direction to the executor to make the sale speedily, for a non-compliance with which he would be subject to be dealt with by the court.    Then, was it necessary

to notify the heirs of an application to extend the time of sale? Their rights in the matter had been fully adjudged and determined; and they could neither reopen the decree upon such application nor object to an extension. This application was but a part of the means to extend a valid decree already rendered. It is like a motion for a writ of assistance, or to appoint a new commissioner to execute a decree, both of which are *ex parte*. *Harney* v. *Morton*, 39 Miss. 508; *Goff* v. *Robbins*, 33 Miss. 154.

4. It is not at all essential that proof of notice of the sale should be filed. There is no statute requiring such proof to be filed, and if filed, it is no part of the record. The decree confirming the sale recites that it was on due notice, and that is conclusive. Besides, if the sale was on defective notice, the objection should have been made on the motion to confirm. *Hanks* v. *Neal*, 44 Miss. 212.

5. The executor was required to file his bond before the sale, and he did file it on the day of the sale. He was acting under oath, and it must be presumed that he filed it in time, or that he would not have made the sale. And the same thing must be presumed, because the court confirmed the sale.

*J. Z. George*, of counsel for the appellee, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

It was not erroneous to render a final decree on the return-day of the citation, and on the day when the answer of the infant defendants was filed by their guardian *ad litem*. *Wells et al.* v. *Smith, Admr.*, 44 Miss. 296. No precedent order of court was necessary to authorize the issuance of the citation. Laws Miss., Acts 1867, p. 407.

The third error assigned is not well taken, because we cannot say from the schedule of debts filed with the petition that the estate was not insolvent, and the presumption that the decree is correct as to that must prevail.

The petition to the Chancery Court for leave to carry into

effect the former decree of the Probate Court to sell the land was unnecessary. So much of the decree of the Probate Court as directed the executor to report his sale of the land to said court at its April term, 1870, was surplusage, and in no way affected the duty of the executor to proceed under the order to sell as directed by the statute. The attempt of the Probate Court to restrict the executor as to the time of making the sale, by directing when he should report it, was nugatory, and not obligatory upon the executor, whose directions as to the execution of the decree of sale were contained in the statute, and not to be looked for in the order of sale. Rev. Code 1857, p. 449, art. 99 ; *ib.*, 446, art. 90.

The power of the court, as defined by statute (Code 1857, p. 449, art. 98), extended to making a decree for the sale of the estate, and no further. The court had no discretion as to when the sale should be made, or when it should be reported. It could do just what the statute authorized it, and no more ; and the statute did not authorize it, expressly or by implication, to say when the sale should be made or reported. The only way in which the court could exercise any control over the manner in which the executor executed the order to sell was upon his report of the sale. Code 1857, p. 447, art. 91. It follows that the fourth error complained of does not exist ; for, if the executor had the right to sell under the decree of sale made by the Probate Court in November, 1869, the useless proceeding in the Chancery Court did not deprive him of the power to sell.

The fifth error assigned is based upon the fact that the record shows that there was proof of the publication of notice of the sale, by advertisement in a newspaper and by posting at the court-house door, but there is no proof of posting notices at other public places in the county in which the land is situated. No law required or provided for producing or perpetuating evidence of posting notices. The statute (Code 1857, p. 519, art. 241) does provide that the publication of any notice in a newspaper, when required by law or by order of court, may be proved in a certain way, but no provision is

made for this becoming part of the record. It is merely evidence of the publication, just as sworn testimony of the fact of posting notices would be evidence before the court called on to act upon the question whether the law had been complied with as to posting notices and publishing in a newspaper. The decree confirming the sale recites that it appeared to the court that due notice of the sale had been given according to law and the decree of sale. This recital, not being contradicted by the record, is sufficient to uphold the decree confirming the sale, so far as notice of the sale is involved. All that was necessary is that the court should be satisfied in this respect, and the record shows that it was.

The last error assigned is that it does not affirmatively appear from the record that the executor gave a bond, *before the sale*, to secure the application of the proceeds of the sale of the land, or that the bond was approved by the court. The decree for the sale directs "that the said executor, before making said sale, enter into bond with security, in the penalty of ten thousand dollars, conditioned to apply the proceeds of said sale as the law directs." This direction is based upon the act approved November 30, 1858 (Pamphlet Acts 1858, p. 187), which was construed in *Hamilton & Young* v. *Lockhart* et al., 41 Miss. 460, to apply to a sale made under article 93, page 447, of the Revised Code of 1857, and in *Rucker* et al. v. *Dyer, Admr.*, etc., 44 Miss. 591, to apply to a sale under article 98, page 449, of said Code. The act of 1858, cited above, provides "that whenever the Probate Court shall, pursuant to the provisions of article 89, chapter 60, of the Revised Code of this state, order a sale of the real estate of any deceased person, it shall be the duty of said court to require the executor or administrator, * * * prior to the sale of said real estate, to execute a bond," etc. Here the decree directs such a bond as the statute requires to be given by the executor before the sale, and such a bond, in the penalty prescribed by the decree, was given, and purports to have been drawn with reference to a sale not made, but about to be made, and was filed on the day on which the sale was made. The

sale was duly reported to the court, and by it confirmed, and the decree of confirmation recites that the court was satisfied that the directions of the decree and the law were in all things complied with by the executor in making said sale. This is sufficient, although there is no express order approving the bond.

The decree is affirmed.

Simrall, C. J., concurs in this opinion.

Chalmers, J., dissenting.

I cannot concur in the view that the Probate Court had no power, while granting authority to the executor to make sale of the lands, to fix the time when such sale should take place.

My opinion is that when that court, during the period of its existence, had once acquired jurisdiction over the lands of a decedent, by the concurrence of those circumstances which invested it by law with the right to convert them into assets, they became a fund for the payment of debts in the hands of the executor or administrator, and that officer, in making the conversion, was bound to observe all the requirements of the decree authorizing it, not inconsistent with the written law. The jurisdiction of the Probate Court over realty properly condemned to be sold was, in my opinion, as ample as that over personalty, and I cannot doubt that, in ordering a sale of the latter, the court might prescribe the period of sale.

It is well known that, in a purely agricultural country like ours, there is nothing which exerts a greater influence in the price obtained for lands at public auction than the season of the year at which the sale takes place; and I think that the court might well require it to be made at such time as would most likely result in producing a full price. If no time was fixed by the court, as was usually the case, then the administrator selected his own time; but if the time was prescribed, he must observe it, or obtain from the court an alteration or ex-

tension of it, after notice to the parties in interest. It will not do to say that the same end could be accomplished by a refusal to confirm where an inadequate price had been obtained. The power to withhold confirmation exists in all courts which have the right to order sales, but I am not aware that any of them have ever been denied the power of designating in advance the time of sale by them deemed most suitable. If, as held in the majority opinion, the Probate Court had by law no control over the time of sale, but this was a matter left wholly to the executor or administrator, it would seem that that officer could not be in any manner controlled or restrained in selecting his time.

If, despite repeated refusals by the court to confirm his sales, he persisted in making them at a season of the year when there was no market for lands, what would be the remedy? If it be answered that such conduct would warrant his removal, this amounts at last to an assertion of jurisdiction in the court over the time of sale, and subverts the idea of an unlimited and illimitable authority on the part of the administrator. It would seem more consonant with reason to admit the power of the court to fix the time in advance.

I think the Probate Court of Washington County had the right, by requiring the report of sale to be made to its April term, to fix thereby the time of sale at some period antecedent to that term; that this being a material part of the decree, it could not be subsequently changed without notice to the heirs, and that the fourth assignment of error is, therefore, well taken.

It will be borne in mind that this is not a collateral attack upon the title of the purchaser, but a direct appeal from the decree confirming the sale.