JACOB P. BILLUPS ET AL., BY NEXT FRIEND, v. J. B. BRANDER, ADMINISTRATOR.

CHANCERY. *Decree in insolvent estate. Minors. Citation. Code of 1857.*
Art. 98, pp. 448, 449, of the Code of 1857, in relation to proceedings for the sale of property of insolvent estates, provided that, "if any of the distributees or devisees be infants, the process shall be served upon their guardian; and if no guardian has been appointed, the court shall appoint a guardian *ad litem*, who shall attend to the interests of the infants." Art. 32, p. 431, of same Code declared that "no decree shall bind or conclude a minor having a guardian resident in this State, unless the guardian shall be served with process. If the guardian be a non-resident, he must be cited by publication." Under these provisions, it was not sufficient for the petition in such proceedings to

allege, where there were minor heirs or devisees, that it was not known. whether they had a guardian; and a decree of sale rendered therein will be reversed on appeal, if the guardian was not cited, unless it affirmatively appear that there was none, or that he was personally interested.

APPEAL from the Chancery Court of Bolivar County.

Hon. E. STAFFORD, Chancellor.

J. B. Brander, as administrator of the estate of Jacob Phinizy, deceased, filed a petition to have the estate declared insolvent, and for a sale of the lands thereof. Citations were issued to Jacob P. Billups and his brothers and sisters, minor heirs and distributees of the decedent, and also to their father, and were served accordingly. None of them appeared, and the court appointed a guardian *ad litem* for the minors, and he answered for them. A decree was then rendered declaring the estate insolvent and ordering the sale of the lands; from which the minors, by their next friend, John M. Billups, appealed. The other facts of the case are stated in the opinion of the court.

*Nugent & McWillie,* for the appellants.

The petition did not show that the appellants had no guardian in this State, and without such showing the appointment of a guardian *ad litem* was unwarranted. Code 1857, p. 448, art. 98; Code 1871, sect. 1153.

No counsel for the appellee.

CHALMERS, J., delivered the opinion of the court.

This is an appeal from a decree of sale rendered in proceedings of insolvency instituted under art. 98, pp. 448, 449, of the Code of 1857.

The article declares that "if any of the distributees or devisees be infants, the process shall be served upon their guardian; and if no guardian has been appointed, the court shall appoint a guardian *ad litem,* who shall attend to the interests of the infants."

Art. 32, p. 431, declares that "no decree shall bind or conclude a minor having a guardian resident in this State, unless

the guardian shall be served with process. If the guardian be a non-resident, he must be cited by publication.'' No guardian was summoned in this case, the petition alleging that it was not known whether there was one. This is not sufficient. A guardian must be cited, or it must in some way be affirmatively made to appear that there is none, or that he is interested in the matter. *Winston* v. *McClelland*, 43 Miss. 254; *Wells* v. *Smith*, 44 Miss. 296; *Erwin* v. *Carson*, 54 Miss. 282.

It will be borne in mind that this is an appeal from the decree of sale, and not an attack upon a title acquired under the sale.

Reversed.