## L. A. FITZPATRICK *v.* T. J. BEAL, GUARDIAN.

1. GUARDIAN AND WARD. *Sale of land under § 2113, Code of 1880. No summons to relatives.*

   Section 2113 of the Code of 1880, which authorizes the chancery court to order the sale of a ward's land upon the petition of the guardian setting forth the reasons why a sale would be beneficial to the ward, requires that "a summons shall issue for at least three of the near relatives of the minor, if there be any in the State." A decree of sale under this statute rendered without the issuance of a summons to any relatives of the minor or any good showing for the non-issuance therefor is absolutely void. *Temple* v. *Howard*, 52 Miss. 360, cited.

2. SAME. *Sale of land. Section 2114, Code 1880, construed.*

   Section 2114 of the Code of 1880, which provides for the sale of a ward's share or interest in land descended or devised to "heirs or devisees jointly, one or more of whom are minors, and an equal division thereof cannot be made," does not apply where a guardian seeks to sell a two-fourths undivided interest of his two wards inherited in lands, the other interests in which belong to persons not their co-heirs. This section only applies where a ward holds land as

heir or devisee jointly with other heirs or devisees, and a separation of his interest from theirs is sought; in which case the co-heirs or devisees must be summoned.

3. SAME　　*Sale of land.　Section* 2109, *Code* 1880, *construed.*
　　Where, under § 2109 of the Code of 1880, a guardian applies for the sale of his ward's land because of the insufficiency of the personal estate and the rents and profits of the real estate to maintain and educate him, or because it is deemed preferable that the real estate be sold instead of the personal estate for that purpose, the court may act upon such application without the previous issuance of a summons.

APPEAL from the Chancery Court of Coahoma County.

HON. W. G. PHELPS, Chancellor.

On the 16th of November, 1880, T. J. Beal, as guardian of James and Susan E. Gates, minors, filed a petition in the chancery court stating that his wards were the only heirs of Sarah E. Gates, who died intestate; that as such heirs they own an undivided two-fourths interest in certain described lands, the other two-fourths belonging to C. L. Jones, L. A. Fitzpatrick, and A. S. Dickson; and "that an equal division of the aforesaid real estate cannot conveniently be made, and petitioner (the uncle of his wards and appointed guardian at their request, they being over fourteen years of age) believes a sale of said real estate would be conducive to the best interest of said minors." The prayer of the petition is "that petitioner be authorized and empowered, as guardian, to sell the said undivided two-fourths interest of said minors in and to the aforesaid real estate," etc.

No summons was issued upon this petition and no evidence was adduced in support of it except the affidavit of C. L. Jones, filed on the same day as the petition, stating that the affiant was "familiar with the nature and condition of all of said lands, and that said lands cannot conveniently be divided so that the owners of a two-fourths interest could own their interest, and that such a division would greatly impair the value of said lands and said interests; that there are no co-heirs of Sarah E. Gates, deceased, who have or claim any interest in said lands, and that a sale thereof would be conducive to the best interest of said minors."

On the same day as that on which the petition and affidavit were filed, the court rendered a decree reciting that: "Said petition coming on to be heard at this term of the court, and it appearing from said petition and the proofs in support of the same that said minors, as heirs-at-law of Sarah E. Gates, deceased, own an undivided two-fourths interest in and to the lands described in said petition [describing them]; that there are no co-heirs of said Sarah E. Gates, deceased, who have or claim any interest in said lands, that the remaining two-fourths interest in said lands is owned by C. L. Jones and L. A. Fitzpatrick and A. S. Dickson, and that an equal division of said lands cannot conveniently be made, it is thereupon ordered and decreed by this court that said T. J. Beal, as guardian of the persons and estates of said minors, be and he is hereby authorized and directed to sell the undivided two-fourths interest of said minors in and to the above-described lands," etc.

The sale was accordingly made, and the two-fourths interest of the minors in the land was bought by L. A. Fitzpatrick, upon a credit of four months, such credit being authorized by the decree.

Fitzpatrick failed to pay the purchase-money, except a small portion thereof, and on the 2d of November, 1883, Beal, as guardian, filed the bill in this cause against Fitzpatrick for the purpose of having the two-fourths interest of his wards, bought by the defendant as above stated, sold to pay the balance of the purchase-money therefor. The defendant answered, making the record of the proceedings connected with the sale to him an exhibit to his answer, and contending that the decree authorizing the sale was void. Upon final hearing the court rendered a decree granting the relief prayed for in the bill of complaint. Thereupon the defendant appealed.

*Calhoon & Green,* for the appellant.

Did the probate or chancery court acquire jurisdiction to make the guardian's sale?

No such sale could have been made under § 2114, code, because, 1. The land did not descend nor was it devised to heirs or devisees jointly, one or more of whom are minors. The element of minority conjoined with seniority in co-heirs or co-devisees is the necessary

foundation of the jurisdiction under this section. The petition makes no such case. It alleges that the minors are solely interested, and that the other heirs of Mrs. Gates have no interest. The court had no jurisdiction under that section to try the question of interest or no interest in the other heirs. Its power is restricted to joint interests from a common source wherein the title or quantum of interest of each is the same or is fixed by the will. Its jurisdiction is limited to cases of lands being descended or devised to co-heirs or co-devisees, not to cases where the heir inherits an undivided interest as tenant in common with another. "When land shall descend" does not embrace the idea of when an undivided interest in land shall descend. If so, then the probate court would have to try the question of title to ascertain, first, whether the petitioner had such title as to implead the co-tenant; second, the quantum of the interest of each. Both these ideas are negatived in the language of the statute and the character of the probate jurisdiction. It would be a partition suit in every particular.

2. The allegations of the petition conform to § 2113 of the code, and it is clear that the petition was drawn with a view to it, the only allegation of it giving reasons for sale being that it would be conducive to minor's interest. The decree is void under this section, because there was no process issued for three of the near relations of the minors in this State, nor does the record affirmatively show that there were none in this State. This is jurisdictional. *Williamson* v. *Warren*, 55 Miss. 201; *Temple* v. *Hammock*, 52 Miss. 360; *Stampley* v. *King*, 51 Miss. 730; *Erwin* v. *Carson*, 54 Miss. 285.

Hence the sale was utterly void and did not divest the title of the minors.

*Frank Johnston*, for the appellee.

The chancery court has full jurisdiction of minors and their estates, both real and personal, under the constitutional grant of jurisdiction.

If these were *adult* co-heirs who are co-tenants, under § 2114 the chancery court could sell the whole tract of land for division of the proceeds at the instance of one or more minors by their guardians.

And the court could also sell the "interest or share" of the minor or of the minors, in order to accomplish a *separation* of their undivided interests. In one instance the adult co-tenants would be necessary parties, and in the other instance their presence would not be necessary. *Wofford* v. *Harrington*, 46 Miss. 33.

In *Hanks* v. *Neal*, 44 Miss. 212, it was decided that, under a precisely similar statute, the citation to three nearest relatives was not required.

The case of *Rodney* v. *Seelye*, 54 Miss. 537, may also serve to illustrate the idea that § 2114 (the same as § 1223, Code 1871) was designed to apply to the case of an undivided interest.

The decisions referred to by counsel for appellant relate to the proceedings under § 2113 of the code, and not to § 2114 (Code 1880).

In this case no interests were affected but those of the minors, and their interests *only to the extent of separating* them from the undivided interests of their adult co-tenants, and also to the extent of separating the interests of the two minors.

These minors were both before the court by their guardians. *Hanks* v. *Neal*, 44 Miss. 226 ; *Stampley* v. *King*, 51 Miss. 730.

The appearance of a guardian accomplishes the object of process. *Pollock* v. *Brice*, 43 Miss. 151 ; *Sexon* v. *Ames*, 47 Miss. 569.

But the chancery court had jurisdiction of the subject-matter, the estates of the minors, and the minors were before the court. In any view, the judgment of the court was merely erroneous ; it was not void.

CAMPBELL, C. J., delivered the opinion of the court.

The sale is not maintainable. If made under § 2113 of the code it is void, because of the want of compliance with its requirement that "a summons shall issue for at least three of the near relations of the minor, if there be any in the State." *Temple* v. *Hammock*, 52 Miss. 360.

If made with reference to § 2114, it is void, because that applies only where land is held by the ward as heir or devisee jointly with other heirs or devisees, who must be summoned on the application

of the guardian to sell for a separation of the interest of the minor from that of co-heirs or co-devisees.

This land had not descended to the minors and others. They were the only heirs of Mrs. Gates, and inherited from her the entire interest decreed to be sold.

Unless it be true, as ingeniously argued by counsel, that the minors were co-heirs as to each other, and as both had the same guardian there was no necessity for summoning the co-heir, who was represented by guardian, it is apparent that § 2114 is not applicable.

We think it manifest that this section applies only when the guardian seeks a decree of sale on the ground that an equal division of the land held by his ward and other co-heirs or co-devisees cannot conveniently be made. If the sale is sought for division of the interest descended or devised, it is sufficient to summon co-heirs or co-devisees, but where the object is not to effect a division of joint interests but the application is to sell the minor's interest, whether held in severalty or jointly with others, on the ground that it will be beneficial to the ward or for his interest, at least three of the near relations of the minor must be summoned, or it must be made to appear by the record of the proceeding for sale that they were not summoned because there were none such in this State. *Erwin* v. *Carson*, 54 Miss. 282.

When the sale is to be made for the maintenance and education of the ward, because of the insufficiency of the personal estate and the rents and profits of the real estate for that purpose, or if it should be deemed most advantageous to the interests of the ward to sell real estate in preference to the sale of personal estate for the maintenance and education of the ward, as provided by § 2109 of the code, a summons is not necessary, but the court may act on the application of the guardian.

*Decree reversed and bill dismissed.*